UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANCISCO IRIZARRI-MENDOZA,    /
       Petitioner,    /
                             /
                             /
V.                                 /      Case No.: Cr-99-185 (HL)
                             /
                             /      Motion 41(e) Return of Property
                             /
UNITED STATES OF AMERICA,    /
       Respondent,    /
                             /
_____/

### PETITIONER'S MOTION FOR RETURN OF PROPERTY

     **COMES NOW**, Francisco Irizarry-Mendoza, (hereafter Petitioner), who apperas prose in the above-styled cause, and respectfully moves this Honorable Court for an Order requiring the Government to return all legal property belonging to Petitioner pursuant to <u>Fed. R. Crim. Pro. Rule 41(e)</u>. The property in question will be set out <u>infra</u>. Petitioner is the only claimant to said property, and no other has laid claim to the property under the applicable statutes. Thus, Petitioner would show this Court as follows:

### STATEMENT OF CASE

     1). On or about June 29, 1999, Petitioner was arrested by the F.B.I. agents in union with the D.E.A in violation of Title 21 U.S.C., Section 846 and Title 18 U.S.C., Section 924(c)(1). As a result of this arrest **One thousand, twenty-eight dollars and fifty-eight cents (1,028.58)** in Unted States currency

seized from Petitioner's wallet, Petitioner's wife, and Petitioner's family room center table. In this day some other items where seized from Petitioner's dwelling place as follows:

1. Papers and Negatives from entertainment center.
2. Portable file w/papers from entertaining center.
3. 4 Video Tapes
4. Papers/Address books form bedroom.
5. Photo Albun.
6. Travel Voucher, address books and negatives.
7. Wallet w/papers and Identifications.
8. Cell Phone-Ericson.
9. Centenial Cellphone.
10. Black Laveda wallet w/papers and voting card.
11. Beepers.

(See Exhibit A-Receipt for Property form FD-597(Rev. 3-29-93)).

2). However, on June 29, 1999, the **One thousand, twenty-eight dollars and fifty-eight cents (1,028.58)** in United States currency were returned to Petitioner's wife Ana M. Davila Marquez. (See Exhibit A).

3). On December 2, 2003, upon Petitioner's request part of the property originally seized from his dwelling place were returned, and filed as Return file # 166E-SJ-35388. The returned items are listed as items #4,6,7,8,9,10,11, and 12. (See Exhibit B-Receipt for Property-Return).

4). However, the listed items #1,2,3, and 5 where not returned to Petitioner.

5). That the Government did not proceed in any administrative action to forfeiture the reminding property, the property is returnable and the Government should be barred from any further proceding relating to same.

6). That because the Government does not contend that any of the seized proceeds have any evidentiary value to date, or

2

constitute contraband, or the fruit of any illegal activity, Petitioner's property **(Items #1,2,3, and 5)** should be returned to him. With regards to seized property, Tule 41(e) is designed to accomplish two objectives: the return of property to its owner and, where criminal proceedings have been initiated, the suppression of illegally seized property as evidence. Rule 41(e) state in pertinent part:

> "[A] person aggrieved by an unlawful search and seizure or by deprivation of property may move the court for the district which the property was seized for return of property on the ground that such person is entitle to lawful possession of the property." [Enphasis added].

7). That because Petitioner is proceeding <u>pro se</u> in this action without the benefit, or assistance of counsel, this court should construe this Petition "liberally." **<u>Haines v. Kerner</u>**, 404 U.S. 519 (1972). Thus, the court is on notice that if **<u>Fed. R. Crim. Pro. Rule 41(e)</u>** i[s] not proper vehicle for relief in this action, then Petitioner requests that said motion be treated as a civil equitable proceeding.

## CONCLUSION

Wherefore, considering the foregoing, Petitioner respectfully requests that this Honorable Court enter an order, ordering the Government to return his property **(Items #1,2,3, and 5)** as he is the only lawful claimant of said property.

Respectfully submitted,

*F.C.O. [signature]*
Francisco Irizarri-Mendoza

## CERTIFICATE OF SERVICE

I certify that on August 12, 2005, I mailed a copy of this brief and all attachments via first class mail, to the following parties at the address(s) listed below:

DANIEL VACCARO, ESQ
AUSA
FEDERAL OFFICE BUILDING., ROOM 452
150 CARLOS CHARDO AVENUE
HATO REY, PUERTO RICO 00918

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

I certify that this document was given to prison officials on this 12 day of August, 2005, for forwarding to the United States district Court for the district of Puerto Rico. I certify under the penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Dated this 12 day of August, 2005.

(Signature)
Francisco Irizarri-Mendoza
Reg. # 17949-069
Box 1000
Loretto, PA 15940